DWIGHT C. HOLTON
United States Attorney
District of Oregon
1000 SW Third Ave. Ste. 600
Portland, OR 97204

NATHANIEL B. PARKER
Trial Attorney, Tax Division
United States Department of Justice
P.O. Box 683, Ben Franklin Station
Washington, DC  20044-0683
Telephone: (202) 307-6547
Facsimile: (202) 307-0054
Email:   nathaniel.b.parker@usdoj.gov
         western.taxcivil@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF OREGON

| | |
|---|---|
| JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, its successors in interest and/or assigns, and NORTHWEST TRUSTEE SERVICES, INC.<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA DEPARTMENT OF THE TREASURY- INTERNAL REVENUE SERVICE<br><br>Defendants. | Civil No. 3:11-cv-1027<br><br>MEMORANDUM IN SUPPORT OF UNITED STATES' MOTION TO DISMISS<br><br>Removed from Washington County, Oregon State Circuit Court, Case No. <u>C11-3755 CV</u> |

Plaintiff brought the above-referenced action in an attempt to force the United States to

exercise its right of redemption or lose its lien on a piece of property purchased by Plaintiff in a

Memorandum in Support of Motion
Case No. (11-cv-1027)                          1

U.S. Department of Justice
Tax Division, Western Region
P.O. Box 683, Ben Franklin Station
Washington, D.C. 20044-0683
Telephone:  (202) 307-6547

nonjudicial foreclosure sale.

The United States, by and through undersigned counsel, moves to dismiss this action under Fed. R. Civ. P. 12(b)(1) for lack of subject-matter jurisdiction because the United States has not waived its sovereign immunity for this type of action. Alternatively, the United States moves to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted because Plaintiff has not put forth any legal basis to foreclose or disturb the United States' lien on the subject property.

## QUESTIONS PRESENTED

1. Has the United States waived its sovereign immunity for a complaint that seeks to compel the United States to exercise its statutory right of redemption or lose its federal tax lien?

2. Should Plaintiff's Complaint be dismissed for failure to state a claim upon which relief may be granted where the Plaintiff failed to assert that it provided notice of the nonjudicial foreclosure sale to the Internal Revenue Service pursuant to the requirements of 26 U.S.C. § 7425(c)?

## BACKGROUND

This case concerns a federal tax lien on a piece of property commonly known as 767 Northwest Darnielle Street, Hillsboro, Oregon 97124 ("the property"). Complaint at Docket #1, , p. 1. The property was owned by Dan and Shannon Williamson, who entered into a deed of trust to secure payment of a promissory note in favor of Washington Mutual. Id. at p. 2, ¶ 4, p. 3, ¶ 5. Plaintiff Northwest Trustee Services was subsequently appointed as a Successor Trustee

Memorandum in Support of Motion
Case No. (11-cv-1027)                    2

U.S. Department of Justice
Tax Division, Western Region
P.O. Box 683, Ben Franklin Station
Washington, D.C. 20044-0683
Telephone: (202) 307-6547

on or about July 30, 2009. Id. at p. 3, ¶ 6.

On December 28, 2009, the United States assessed taxes for unpaid Federal Tax Form 941 taxes (pertaining to wage, social security, and Medicare wage withholdings) against Shannon Suzanne Williamson for the periods ending September 30, 2008, December 31, 2008, and March 31, 2009. See Complaint, Exhibit A, p. 2 (Notice of Federal Tax Lien). These assessments created a lien in favor of the United States under 26 U.S.C. § 6322 against all of Ms. Williamson's real and personal property. On July 23, 2010, and in accordance with 26 U.S.C. § 6323, the IRS filed a Notice of Federal Tax Lien against Ms. Williamson in Washington County. Id. The Notice of Federal Tax Lien listed a lien in favor of the United States of $10,902.58 at the time of filing. Id.

The Williamsons defaulted under the promissory note, and Northwest Trustee Services commenced a non-judicial foreclosure of the property. See Complaint at Docket #1, p. 4, ¶ 7. In 2010[1], Northwest Trustee Service filed a Notice of Default and Election to Sell in the Washington County Recording Department. Id., p. 4, ¶ 7. JPMorgan Chase purchased the property at a nonjudicial trustee's sale of the property on March 29, 2011. Id. p. 4, ¶ 7. Although the Notice of Default and Election to Sell, as well as Northwest Trustee Services' publication of the sale listed a sale date of November 19, 2010, it appears that the property was not actually sold until March 29, 2011. Id. Exhibit D, p. 2, Exhibit E, p. 19. Notably, while the

---

[1] Although the Complaint alleges that the recording of Notice of Default and Election to Sell was filed on December 29, 2008, this date appears to be a typographical error. The recording number of 2010-05361 indicates that this document was filed in 2010, and the document was not executed until July 12, 2010. See Complaint at Exhibit D, p. 2-3.

Memorandum in Support of Motion
Case No. (11-cv-1027)                    3

U.S. Department of Justice
Tax Division, Western Region
P.O. Box 683, Ben Franklin Station
Washington, D.C. 20044-0683
Telephone: (202) 307-6547

trustee appears to have issued notice to the Williamsons pursuant to state law, Plaintiffs do not assert in their Complaint that the United States was notified of the foreclosure or sale of the property as required by 26 U.S.C. 7425(c)(1).  Id. at p. 4, ¶¶ 7-8; Complaint at Exhibit E.

On or about July 1, 2011, Plaintiff filed a complaint instituting this action against the United States of America.  Plaintiff describes the United States tax lien upon the property as a "right of redemption" and seeks to force the United States to exercise its right of redemption under state law or lose its lien.  See Complaint, p. 4-5 ¶¶ 8, 10, 13.

## ARGUMENT

### I

**The United States Has Not Waived its Sovereign Immunity for an Action that Seeks to Compel the United States to Exercise its Right of Redemption or Lose its Lien on the Property**

This action should be dismissed for lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1) because Plaintiff has failed to establish a waiver of sovereign immunity. Furthermore, the United States, in creating a statutory right of redemption under 26 U.S.C. 7425(d), has not consented to a lawsuit that seeks to compel the exercise of that right at the risk of losing the lien.

The United States is immune from suit unless it has unequivocally expressed its consent to be sued.  United States v. Nordic Village Inc., 503 U.S. 30, 33 (1992).  Waivers of sovereign immunity "must be 'construed strictly in favor of the sovereign.'" Id. at 34 (quoting McMahon v. United States, 342 U.S. 25, 27 (1951)).  "The burden of showing an unequivocal waiver of immunity lies with the party bringing a cause of action against the federal government."  West v.

Memorandum in Support of Motion
Case No. (11-cv-1027)                    4

U.S. Department of Justice
Tax Division, Western Region
P.O. Box 683, Ben Franklin Station
Washington, D.C. 20044-0683
Telephone:  (202) 307-6547

FAA, 830 F.2d 1044, 1046 (9th Cir. 1987).

Plaintiff has not identified a federal statute that waives the United States' sovereign immunity for this type of action. Plaintiff has only alleged that the United States may have a "right to redeem the Property pursuant to ORS 86.740 to 86.755" and seeks to compel the United States to exercise that right, and if it is not exercised, to strip the United States' federal tax lien from the property. Complaint ¶ 10. Because Plaintiff has failed to identify any waiver of sovereign immunity for this type of action, Plaintiff has failed to meet its burden and establish jurisdiction. Accordingly, Plaintiff's complaint should be dismissed for lack of subject-matter jurisdiction.

Because the Oregon State law under which Plaintiff seeks to subject the United States to strict foreclosure imposes requirements inconsistent with federal law governing the validity of federal tax liens after a nonjudicial sale, it is preempted. "A fundamental principle of the Constitution is that Congress has the power to preempt state law[,]" Crosby v. Nat'l Foreign Trade Council, 530 U.S. 363, 372 (2000), and "[p]reemption may be either expressed or implied." Gade v. Nat'l Solid Wastes Mgmt. Ass'n, 505 U.S. 88, 98 (1992). A state law is preempted when it stands "'as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress.'" Barnett Bank of Marion County, N.A. v. Nelson, 517 U.S. 25, 31 (1996) (quoting Hines v. Davidowitz, 312 U.S. 52, 67 (1941)); see also Gade, 505 U.S. at 98. In a case of implicit preemption, "state law is naturally preempted to the extent of any conflict with a federal statute." Crosby, 530 U.S. at 372; see also Barnett Bank, 517 U.S. at 31.

Oregon State law apparently addresses the instant situation, but offers relief inconsistent

Memorandum in Support of Motion
Case No. (11-cv-1027)                                5

U.S. Department of Justice
Tax Division, Western Region
P.O. Box 683, Ben Franklin Station
Washington, D.C. 20044-0683
Telephone: (202) 307-6547

with the terms and objectives of Section 7425, and thus is preempted. According to the Court of Appeals for Oregon, when a party that has a lien on the foreclosed property is not notified of a foreclosure sale, the purchaser has the right "to strictly foreclose a lien that had been overlooked at the time of the trustee's sale." Baggao v. Mascaro, 714 P.2d 261, 231-32 (Or. Ct. App. 1986) (citing Portland Mortg. Co. v. Creditors Protective Ass'n, 262 P.2d 918, 922 (Or. 1953)). Although neither Baggao nor Portland Mortgage provide details regarding the right of strict foreclosure, the procedure arguably allows the purchaser to force an omitted lienholder to either exercise its right to redeem the property, or decline to do so and have the lien extinguished. *See* Baggao, 714 P.2d at 632 ("Because we have held that, as a matter of law, plaintiff is entitled to a judgment strictly foreclosing defendant's interest, we remand for entry of such a judgment, which shall grant defendant 60 days within which to redeem the property.").

Here, Plaintiff contends that the United States constitutes an omitted party, and that Oregon State law consequently permits Plaintiff to force the United States to either exercise its right to redeem the Real Property, or to lose its federal tax lien. However, assuming Plaintiff has properly interpreted Oregon State law, there is an actual conflict between the state and federal provisions because there is no way to allow Plaintiff to strictly foreclosure the federal tax liens at issue while at the same time accomplishing the full objective of the federal statute. Under 26 U.S.C. § 7425(b)(1), when the United States does not receive notice of a nonjudicial foreclosure sale, the federal tax lien remains undisturbed and no further action on the part of the United States is required to safeguard this interest. In contrast, under Plaintiff's interpretation, Oregon State law would force the United States to relinquish its interest, requiring it to choose either to

Memorandum in Support of Motion
Case No. (11-cv-1027)                    6

U.S. Department of Justice
Tax Division, Western Region
P.O. Box 683, Ben Franklin Station
Washington, D.C. 20044-0683
Telephone: (202) 307-6547

exercise its right of redemption or to abandon its lien.

Accordingly, Oregon State law effectively would put the United States in the same position as if it had received notice of the sale, see 26 U.S.C. § 7425(b)(2), and such a result runs contrary to the clear wish of Congress for the survival of a federal tax lien after an unnoticed sale, as expressed in both the language of 26 U.S.C. § 7425(b)(1), and the legislative history, see S. Rep. No. 89-1708, at 28 (1966), reprinted in 1966 U.S.C.C.A.N. 3722, 3749; H.R. Rep. No. 89-1884, at 26 (1966), reprinted in 1966-2 C.B. 815, 833. Consequently, Oregon State law impinges on the federal framework, and, as a result, it is preempted.

This conclusion is buttressed by a recent decision in the Tenth Circuit. As the Tenth Circuit has recently noted, "[I]t is clear Congress intended federal law to 'occupy the field' in resolving such federal tax lien issues, resulting in our conclusion § 7425(b) 'dictates the method for discharging a tax lien when the underlying property is sold.'" Russell v. United States, 551 F.3d 1174, 1180 (10th Cir. 2008) (quoting Sec. Pac. Mortgage v. Choate, 897 F.2d 1057, 1058 (10th Cir. 1990)). In Russell, the Tenth Circuit held that 26 U.S.C. § 7425 preempted a Colorado "omitted party" statute that allowed a purchaser to terminate the IRS' lien by giving the IRS an opportunity to exercise a right of redemption. Id. at 1179-81.

Consequently, Plaintiffs' request for relief based upon Oregon State law is unavailing for two reasons- first, this state law action is barred by sovereign immunity, and second, as argued in section II, below, Plaintiffs fail to state a claim upon which relief may be granted.

Even if given further opportunity to amend their complaint, Plaintiffs cannot establish subject-matter jurisdiction. The United States holds more than a right of redemption; the United

Memorandum in Support of Motion
Case No. (11-cv-1027)                7

U.S. Department of Justice
Tax Division, Western Region
P.O. Box 683, Ben Franklin Station
Washington, D.C. 20044-0683
Telephone: (202) 307-6547

States holds a valid and enforceable lien upon the property.[2] Although such liens may be challenged and the United States named as a party in certain actions described in 28 U.S.C. § 2410, Congress has not authorized any action against the United States on the basis of the United States' right to redeem under 26 U.S.C. § 7425(d). The right to redeem created by that statute is a *right* of the United States, not an *obligation* upon the United States to maintain an otherwise valid lien. 26 U.S.C. § 7425(d)(1) ("[T]he Secretary *may* redeem such property within the period of 120 days from the date of such sale or the period allowable for redemption under local law, whichever is longer." (emphasis added)).

Moreover, and as a separate basis supporting dismissal for a lack of subject matter jurisdiction, although Plaintiffs seek a "strict foreclosure" under Oregon State law, this does not provide a basis for a waiver of sovereign immunity under 28 U.S.C. § 2410(a)(2). As set forth by 28 U.S.C. § 2410(c), an action to foreclose a mortgage or other lien, naming the United States as a party under this section, must seek judicial sale. See also Kasdon v. GW Zierden Landscaping, Inc., 541 F. Supp. 991 (D. Md. 1981), aff'd 707 F.2d 820 (4th Cir. 1983).

Consequently, the requirements of 28 U.S.C. § 2410 are not met in this suit, and it is barred by sovereign immunity. Because Congress has not authorized an action based on the United States' right to redeem and Plaintiffs have not identified or pled any basis for waiving sovereign immunity, this action should be dismissed.

## II

---

[2]The nature of the lien will be explained in more detail below.

Memorandum in Support of Motion
Case No. (11-cv-1027)    8

U.S. Department of Justice
Tax Division, Western Region
P.O. Box 683, Ben Franklin Station
Washington, D.C. 20044-0683
Telephone: (202) 307-6547

**Plaintiff Has Failed to State a Claim for which Relief May Be Granted Because Plaintiff Failed to Provide Notice of the Sale and, accordingly, the United States' Lien Remains Undisturbed Pursuant to 26 U.S.C. § 7425(b)(1)**

Plaintiff has not set forth a valid legal basis by which it can disturb the United States' lien on the property, and, therefore, this action should be dismissed for failing to state a claim upon which relief can be granted. Plaintiff describes the United States' interest in the property as a "right of redemption" and seeks to compel the United States to exercise its right or lose its interest in the property. Complaint, p. 5, ¶ 10. Notably, although Plaintiff acknowledges that the United States has a tax lien against Shannon Williamson, and recorded a Notice of Federal Tax Lien relating to this tax lien on July 23, 2010, Plaintiff understates the United States' interest in the property. See Complaint at p. 2-4, ¶¶ 4, 8. The United States has more than a right to redeem the property. The United States has a valid and enforceable lien on the property.

The United States' federal tax lien at issue in this proceeding was perfected through recording pursuant to 26 U.S.C. § 6323, and consequently, it is valid as against subsequent purchasers and other categories of individuals listed in § 6323. Plaintiff has not identified any deficiency with the notice of federal tax lien, and does not attempt to contest its validity in this proceeding. Because the Notice of Federal Tax Lien at issue in this action was filed on July 23, 2010, more than 30 days prior to the nonjudicial foreclosure sale of the property on March 29, 2011, in order to discharge this tax lien through a nonjudicial foreclosure, the trustee, Northwest Trustee Services, had to provide notice of the sale as provided by 26 U.S.C. § 7425(c)(1) (requiring notice of the sale to be given in accordance with regulations prescribed by the Secretary in writing, by registered or certified mail or by personal service not less than 25 days

Memorandum in Support of Motion
Case No. (11-cv-1027)                    9

U.S. Department of Justice
Tax Division, Western Region
P.O. Box 683, Ben Franklin Station
Washington, D.C. 20044-0683
Telephone: (202) 307-6547

prior to the nonjudicial sale). See 26 U.S.C. § 7425.

Plaintiffs fail to plead that notice consistent with 26 U.S.C. § 7425(c)(1) and its attending regulations was timely given to the Secretary. Instead, Plaintiff attempts to dodge this issue by pleading that "Plaintiff NWTS discovered that it *may not have provided notice of the trustee's sale* to Defendant[3]." Complaint at p. 4, ¶ 8 (emphasis added). As explained above, unless Defendants served notice consistent with the requirements of 26 U.S.C. § 7425(c), the United States' lien was not discharged by the nonjudicial foreclosure of the property because the Secretary did not receive the required notice of the sale. Further, as explained above, there is no basis in federal law allowing Plaintiffs to state a claim against the United States seeking to compel the United States to exercise a right of redemption, else lose its federal tax lien. Plaintiffs decline to plead, consistent with Fed. R. Civ. P. 11, that notice was actually served on the Secretary. Absent such notice, and Plaintiff's failure to plead that they made such notice, Plaintiff's requested relief which seeks to force the United States to redeem the property or lose its lien fails to state a claim upon which relief can be granted.

If a person fails to pay the full amount of a tax, the United States has a lien upon all property and rights to property belonging to that person at the time of the assessment until the tax is paid or until the statute of limitations lapses. 26 U.S.C. §§ 6321-6322. The United States' lien will be valid against purchasers and other specified creditors only if the United States files a

---

[3]Undersigned counsel for the United States has contacted the IRS in relation to the issue of whether the Secretary received notice of the nonjudicial foreclosure sale, and the IRS has no record of having received notice in relation to the sale at issue. The United States is prepared to submit an affidavit from an IRS employee to this effect should the Court believe it necessary.

Memorandum in Support of Motion
Case No. (11-cv-1027)                    10

U.S. Department of Justice
Tax Division, Western Region
P.O. Box 683, Ben Franklin Station
Washington, D.C. 20044-0683
Telephone: (202) 307-6547

Notice of Federal Tax lien in the proper office for filing such liens under local law. 26 U.S.C. § 6323. Under Oregon law, a lien against real property must be filed in the "county where the property is located." Or. Rev. Stat. § 93.643(1). Such a filing gives "constructive notice to any person of the existence of the interest." Id.; see also Or. Rev. Stat. § 205.130(2)(d) (requiring the county clerk to record "[i]nstruments presented for recording by the United States . . . that affect title to or an interest in real property or that lawfully concern real property).

As stated above, the United States' lien arose from tax assessments made on November 10, 2008, December 8, 2008, and December 22, 2008. The United States filed a Notice of Federal Tax Lien effective against all of the taxpayer's property on June 16, 2009, in Washington County, where the subject property is located.[4] Once the United States filed its Notice of Federal Tax Lien, it had taken all of the steps necessary to establish a valid lien against the subject property.

Once the United States' lien attached to the property, the continuing validity of the lien

---

[4]The fact that the Notice of Federal Tax Lien did not list the address of the subject property as the taxpayer's address is of no consequence. The required contents of a Notice of Federal Tax Lien are established by the Secretary of the Treasury. 26 U.S.C. § 6323(f)(3) ("The form and content of the notice referred to in [§ 6323(a)] shall be prescribed by the Secretary. Such notice shall be valid notwithstanding any other provision of law regarding the form or content of a notice of lien."); see also United States v. Union Cent. Life Ins. Co., 368 U.S. 291, 294 (1961) (interpreting a prior version of the same statute and stating that "the section does not purport to permit the State to prescribe the form or the contents of that notice"). The Notice of Federal Tax Lien conformed to the standards prescribed by the Secretary and was printed on a standardized form developed by the Department of Treasury. Furthermore, the contents of the Notice of Federal Tax Lien itself were unambiguous, describing a "lien in favor of the United States on all property and rights to property belonging to this taxpayer for the amount of these taxes."

Memorandum in Support of Motion
Case No. (11-cv-1027)                                11

U.S. Department of Justice
Tax Division, Western Region
P.O. Box 683, Ben Franklin Station
Washington, D.C. 20044-0683
Telephone: (202) 307-6547

became an issue of federal law. The transfer of property on which the United States holds a lien does not affect the lien unless Congress has so provided. See Michigan v. United States, 317 U.S. 338, 340 (1943) ("'It is of the very nature and essence of a lien, that no matter into whose hands the property goes, it passes cum onere.'" (quoting Burton v. Smith, 38 U.S. 464, 483 (1839))). 26 U.S.C. § 7425(b) specifically governs the effect of nonjudicial sales of property like the sale of the property that preceded this suit. See Orme v. United States, 269 F.3d 991, 994 (9th Cir. 2001) ( "Congress has spoken clearly on the divestiture of federal tax liens in sales of property. Section 7425(b) governs nonjudicial 'sale[s] of property' on which the Government claims a federal tax lien." (footnote omitted)). That statute states that unless the United States receives proper notice, a nonjudicial sale will not discharge a lien of the United States. As stated by the Ninth Circuit: "A nonjudicial sale of property is made 'subject to and without disturbing' federal tax liens if (1) the federal tax liens were filed more than 30 days before the sale, and (2) notice of the sale is not given to the IRS in accordance with § 7425(c)(1)." Id. (quoting 26 U.S.C. § 7425(b)(1)).

In this case, the nonjudicial sale of the subject property did not disturb the United States' lien. First, the Notice of Federal Tax Lien was filed on July 23, 2010, and the sale of the property occurred on March 29, 2011. Thus, as a matter of law, the Notice of Federal Tax Lien was filed more than 30 days before the sale of the property. Second, Plaintiff fails to assert that notice was in fact given to the IRS, and concedes that it may not have provided notice. Complaint ¶ 6. Accordingly, and pursuant to 26 U.S.C. § 7425(b)(1), the sale of the property was made "subject to and without disturbing" the federal tax lien. Congress has "spoken

Memorandum in Support of Motion
Case No. (11-cv-1027)                    12

U.S. Department of Justice
Tax Division, Western Region
P.O. Box 683, Ben Franklin Station
Washington, D.C. 20044-0683
Telephone: (202) 307-6547

clearly" on what will extinguish a federal tax lien, and the insufficiency of a foreclosure guarantee or title search is not a basis for extinguishing a federal tax lien.

Because Plaintiff has failed to put forth any valid legal justification for disturbing the United States' lien on the subject property, this case should be dismissed for failing to state a claim upon which relief can be granted.

///


///


///

U.S. Department of Justice
Tax Division, Western Region
P.O. Box 683, Ben Franklin Station
Washington, D.C. 20044-0683
Telephone: (202) 307-6547

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that this court grant its motion to dismiss for lack of subject-matter jurisdiction because the United States has not waived its subject-matter jurisdiction, or, alternatively, grant the United States' motion to dismiss because Plaintiff has failed to set forth a claim upon which relief can be granted.

DATED this 26th day of September, 2011.

DWIGHT C. HOLTON
United States Attorney


  /s/ Nathaniel B. Parker
NATHANIEL B. PARKER
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 683
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-6547
Facsimile: (202) 307-0054
Email: nathaniel.b.parker@usdoj.gov
      western.taxcivil@usdoj.gov

Memorandum in Support of Motion
Case No. (11-cv-1027)     14

U.S. Department of Justice
Tax Division, Western Region
P.O. Box 683, Ben Franklin Station
Washington, D.C. 20044-0683
Telephone: (202) 307-6547

CERTIFICATE OF SERVICE

      IT IS HEREBY CERTIFIED that service of the foregoing UNITED STATES' MOTION TO DISMISS and MEMORANDUM IN SUPPORT OF UNITED STATES' MOTION TO DISMISS has been made this 26th day of September, 2011, by mail by depositing a copy thereof in the United States Mail in a postage prepaid envelope.

John Thomas
Routh Crabtree Olsen, PC
621 SW Alder St., Ste. 800
Portland, OR 97205-3623


    /s/ Nathaniel B. Parker
NATHANIEL B. PARKER
Trial Attorney, Tax Division
U.S. Department of Justice